Hubbard, J.
The attachment, upon which the petitioner relies, purports to be of all the right, title ánd interest which Thomas Carpenter and Philena Arnold had in and to any real estate in the towns of Williamstown and Adams, and in the county of Berkshire. Although such an attachment might perhaps be held sufficient (the proper notice being lodged in *236 the clerk’s office) to create a lien upon real estate m the county, actually belonging, at the time of the service of the writ, to the person sued, yet it is not such an attachment as is contemplated by the act for the relief of insolvent debtors, (St. 1838, c. 163, § 19,) and which, if not removed, may become a cause of insolvency under the statute. To authorize an application for a process, in invitum, against a debtor, under that section, there must have been either an arrest in a civil action wherein bail has not been given before the return day of the writ; or the party must have been actually imprisoned more than thirty days upon mesne process or upon execution in a civil action; or his goods or estate must have been attached on mesne process, and the same not have been dissolved before the last day of the term of the court to which the process was returnable. The several cases, thus specified in the statute, all look-to an actual arrest, imprisonment, or attachment of the person, goods, or estate of the debtor; and the arrest, imprisonment, or attachment should be so distinctly set out on the process, that the magistrate can determine the alleged existence of the fact by inspection of the return.
In the case at bar, it does not appear that any actual attachment of any real estate was made by the officer, or if there was, whether it- was of the joint estate of Carpenter and Arnold, or the separate estate of the one or the other, or of which of them. It is indefinite and uncertain. It may or may not prove to be an attachment of the estate of Carpenter or Arnold, as the fact may turn out, whether they or either of them happened to be owners of real estate in Berkshire at the time of the service. It is the cast of a net at a venture, and is made without hazard. But to bring the case within the meaning and intent of the statute, and subject to its requisitions, the attachment must be of specific goods, or of real estate described, or of both, and must be the goods and estate of the debtor; and the judge of probate or master in chancery is not required to examine the records of the county, nor to inquire aliunde, as to the. debtor’s interest in the estate, m *237 order to ascertain whether a possible attachment may prove to have been valid. If the return does not aver it distinctly, the magistrate is not called upon to go beyond the return. If a return of an attachment like the present would authorize a petitioning creditor, after the close of the term, to procure a warrant of insolvency against an alleged debtor, then any person sued might be declared insolvent, who should not give bonds with sureties for the security of a demand upon which he is sued, although he contests the claim upon which he is prosecuted, and although he is not the owner of any rea estate thus purported to be attached; and the statute would be converted into an engine of oppression, instead of being, as was intended by its framers, an act for the “ relief ” of insolvent debtors. On the other hand, I am of opinion that though an attachment may be correct in form, and may state distinctly that the goods or estate attached are the property of the debtor, yet that such return will not be held to conclude him, but that he may contest the truth of it, if an attempt should be made to subject him to the provisions of the act, as an insolvent debtor, by reason of such attachment.
As to the second objection, we think the decision of the master was correct, that no sufficient evidence of a valid demand was exhibited to him, in order to justify him in issuing process against the alleged debtor. The judgment produced had been satisfied by a levy of the writ of execution that issued thereon; and before the judgment creditor could successfully maintain that the judgment was not satisfied, he was called upon to sue out a writ of scire facias, to procure a judgment of the court vacating such levy, and a grant to him of an alias execution. Rev. Sts. c. 73, § 21. Till this was done, the master was not required to receive the demand and issue a process.
In regard to the third objection, that the petitioner, being himself the attaching creditor, could not apply for this process, we do not deem it necessary to express any opinion ; because we think the first two' reasons assigned are sufficient for the dismissing of the petition.

Petition dismissed.